# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**RALPH MORGAN,**                                       **CASE NO.:**

    **Plaintiff,**

**v.**

**SAVALOT, LLC and UNIFIED HR LLC,**

    **Defendants.**

_____/

## COMPLAINT

Plaintiff, RALPH MORGAN, hereby sues Defendants, SAVALOT, LLC and UNIFIED HR LLC, and alleges:

## NATURE OF THE ACTION

1.      This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes, §448.101 et seq., Florida Statutes, 42 U.S.C. §1981 and 42 U.S.C. §1988.

2.      This is an action for damages in excess of Seventy Five Thousand Dollars ($75,000.00) exclusive of costs and interests, and for prospective injunctive relief.  Jurisdiction of this Court is invoked pursuant 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1343 (civil rights claim jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

## THE PARTIES

3.      At all times pertinent hereto, Plaintiff, RALPH MORGAN, has been a resident of the State of Florida and was employed by Defendants. Plaintiff is a member of a protected class due to his race and his disability.  He is also a protected whistleblower due to his objecting to and/or refusing to participate in practices of Defendants that were in violation of one or more laws, rules or regulations, and he was retaliated against after reporting Defendants' unlawful employment practices.

4.      At all times pertinent hereto, Defendant, SAVALOT, LLC, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims. Plaintiff was jointly employed with this Defendant and with Unified as both Defendants controlled the terms and conditions of Plaintiff's employment.

5.      At all times pertinent hereto, Defendant, UNIFIED HR LLC, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.  Plaintiff was jointly employed with this Defendant and with SAVALOT, LLC as both Defendants controlled the terms and conditions of Plaintiff's employment.

2

## CONDITIONS PRECEDENT

6.    Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

7.    Plaintiff, who is African American, began his employment with Defendants on or about March 1, 2021, and held the position of Stocker at the time of his wrongful termination on or around October 25, 2024.

8.    Plaintiff was a loyal and dedicated employee with an outstanding work record and no reprimands.

9.    Despite his stellar work performance during his employment with Defendants, Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of his race, his actual/perceived disability, and because he reported Defendants' unlawful employment activities and was subject to retaliation thereafter.

10.    Plaintiff suffers from a disabling condition, glaucoma, of which Defendants were aware.

11.    The disparate treatment and retaliation came at the hands of specifically but not limited to Store Manager Joel Robinson, Caucasian.

12.     Generally, Plaintiff was repeatedly treated less favorably than those outside of his protected classes. Approximately three weeks after his termination, Assistant Manager Robin Tatterson, Caucasian, informed Plaintiff that Robinson referred to Plaintiff as the store's "token n---," and that Meat Department Manager Rob Rich (hereinafter "Rich"), Caucasian, had made contrived allegations that Plaintiff was stealing, which Plaintiff vehemently denied.

13.     In or around June 2021, Plaintiff asked his girlfriend, Brenda Allen, Caucasian, to bring a bottle of nasal spray to him at work. Allen brought the nasal spray into the store and located Plaintiff where he was stocking a shelf. Allen took the nasal spray out of her purse and gave it to Plaintiff, then Plaintiff used it and handed it back to Allen, and she put it back in her purse. Assistant Manager Raymond Beach, Caucasian, witnessed the interaction and told Assistant Manager Nicole l/n/u (hereinafter "Nicole"), African American, that Plaintiff appeared to be stealing, and together they reviewed the security camera footage.

14.     The next day, Nicole and Assistant Manager Veronica McNeal, Caucasian, approached Plaintiff to inform him about Beach's accusations. Plaintiff met Beach in the parking lot when Beach arrived at work and insisted on viewing the security footage for himself. After Plaintiff, Beach, McNeal, and Nicole watched the camera footage and confirmed that Plaintiff had not stolen anything, McNeal told Beach that he owed Plaintiff an apology. However, Beach refused to do so in

the presence of McNeal and Nicole. Plaintiff then walked away and threatened to quit. Later that day Beach approached Plaintiff privately and appeared distressed, begged Plaintiff not to quit and then apologized.

15.    On multiple occasions throughout his employment with Defendants, Plaintiff witnessed Robinson throwing away African Americans' job applications strictly because of the applicant's race. An African American would submit a paper application or resume to Robinson, and Plaintiff would observe Robinson throw the paper in the garbage after the applicant left. Robinson never exhibited this behavior toward Caucasian applicants, and, other than Nicole,  Plaintiff had been the only African American employee working for Defendants during the approximate three-year period of his employment.

16.    Caucasian employees including but not limited to Stocker Troy Anderson, Caucasian, and Deli Associate Brett Rich, Caucasian, have been allowed to drink alcohol while on the clock and come to work intoxicated, with no punishment or corrective action taken. By way of example, Anderson was caught by Tatterson drinking alcohol in the parking lot of the store while on the clock and was often noticeably drunk while working.

17.    Additionally, throughout his employment, Plaintiff noticed a variety of health and safety violations, such as the meat department selling expired products and machinery not being repaired correctly. Plaintiff made several internal

complaints and reports regarding these safety and sanitation violations to the management within Defendants, believing them to constitute serious risks to employees and the public. These reports constitute protected whistleblower activity under applicable state and federal laws.

18. By way of example, after Rich became the manager of the meat department in or around May 2024, customers would frequently return expired meat products and Plaintiff would find meat products past their expiration dates by up to approximately five days on the shelf to be sold. Every time Plaintiff observed this issue, he would present the expired meat to Rich and inform him that the expired products needed to be disposed of. Rich consistently assured Plaintiff that he would "take care of it," but the problems persisted throughout the duration of Plaintiff's employment. Plaintiff's repeated efforts to bring these violations to management's attention were met with hostility and increased scrutiny, which intensified after his complaints, further evidencing retaliation for his protected whistleblowing activities.

19. Furthermore, Plaintiff witnessed a violation of Occupational Safety and Health Administration (OSHA) safety standards regarding the condition of a piece of machinery. Defendants used a compacting machine to crush shipping boxes, and a chain on this machine broke. Plaintiff brought this to the attention of Robinson, and Robinson instructed Plaintiff to repair the chair with a tire wire. Plaintiff objected, stating that this was a violation of OSHA's safety procedures, and

Robinson asserted that he would obtain a new chain. However, Plaintiff subsequently noticed that the chain had been repaired with the tire wire. Since the tire wire was not a proper repair, the chain continued to break periodically. Each time Plaintiff noticed this, he informed Robinson again, and each time he was assured that the chain would be replaced. However, Plaintiff never observed a new chain on the machine.

20.   On or around October 25, 2024, Plaintiff was experiencing pain in his eye caused by his glaucoma and requested the day off from work. Defendants has been aware of Plaintiff's eye condition since his diagnosis in late 2023. Store policy states that, typically, Plaintiff would have been expected to work the day following calling out sick; however, Plaintiff had previously requested to take a personal day on October 26, 2024, so he did not attend work that day. Plaintiff's glaucoma substantially limits one or more major life activities, and his request for time off constituted a reasonable accommodation request under the Americans with Disabilities Act (ADA) and related state laws.

21.   On October 26, 2024, on Plaintiff's day off, a cashier at Defendants' store, Susan Kenedy, Caucasian, called Plaintiff on the phone and asked why he had not come to work. Plaintiff informed Kenedy that he had requested the day off and instructed her to look at the calendar for confirmation. When Kenedy looked at the calendar, she stated that there was a notation saying Plaintiff would be off work that

day. Plaintiff then asked Kenedy when his next scheduled shift would be, and Kenedy informed him that he did not have any upcoming shifts on the calendar.

22.    After ending the phone call with Kenedy, Plaintiff called Robinson several times and sent him multiple text messages trying to clarify why he had not been scheduled for any shifts. Robinson did not answer any calls or messages that day. The following day, October 27, 2024, Robinson replied to Plaintiff's text message and stated "sorry, I need someone I can depend on."

23.    Plaintiff was wrongfully terminated on October 26, 2024 based on the false claim that Plaintiff was not dependable, despite his consistent record of reliability. Several Caucasian employees, such as Anderson and Brett Rich, who were not dependable still work for Defendants. The disparate treatment in disciplinary decisions between Plaintiff and more poorly performing Caucasian employees demonstrates that Defendants' justification was a pretext for racial discrimination. Moreover, Defendants' stated reason for termination was pretextual and retaliatory in nature, as Plaintiff was terminated shortly after engaging in protected activities including (1) reporting workplace safety and health violations, and (2) requesting medical leave and accommodation for his glaucoma. Defendants' conduct therefore constitutes unlawful whistleblower retaliation and disability retaliation in violation of federal and state laws.

24.    Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendants should be made to pay said fee under the laws referenced above.

**COUNT I**
**RACE DISCRIMINATION**
**(Against Defendants SAVALOT LLC and UNIFIED HR LLC)**

25.    Paragraphs 1 through 24 are realleged and incorporated herein by reference.

26.    This is an action against Defendants for discrimination based upon race brought under Chapter 760, Florida Statutes.

29.    Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees of Defendants who are Caucasian and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

30.    Defendants are liable for the differential treatment and hostility towards Plaintiff because they controlled the actions and inactions of the persons making decisions affecting Plaintiff or knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.  Furthermore, Defendants knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because they allowed the differential treatment and participated in same.

31.     In essence, the actions of agents of Defendants, which were each condoned and ratified by Defendants, were of a race-based nature and in violation of the laws set forth herein.

32.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendants.  The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

33.     Defendants' conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of Chapter 760, Florida Statutes.

34.     As a direct and proximate result of Defendants' conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief and punitive damages.

## COUNT II
## RACE DISCRIMINATION
### (Against Defendants SAVALOT LLCand UNIFIED HR LLC)

35.     Paragraphs 1 through 24 are realleged and incorporated herein by reference.

36.    This is an action against Defendants for discrimination based upon race brought under 42 U.S.C. §1981.

35.    Plaintiff has been the victim of discrimination on the basis of his race in that he was treated differently than similarly situated employees of Defendants who are Caucasian and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

36.    Defendants are liable for the differential treatment and hostility towards Plaintiff because they controlled the actions and inactions of the persons making decisions affecting Plaintiff or knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.   Furthermore, Defendants knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because they allowed the differential treatment and participated in same.

37.    In essence, the actions of agents of Defendants, which were each condoned and ratified by Defendants, were of a race-based nature and in violation of the laws set forth herein.

38.    The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendants.  The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

39.     Defendants' conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. §1981.

40.     As a direct and proximate result of Defendants' conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief and punitive damages.

**COUNT III**
**DISABILITY DISCRIMINATION-DIFFERENTIAL TREATMENT**
**(Against Defendants SAVALOT LLC and UNIFIED HR LLC)**

41.     Paragraphs 1 through 24 are realleged and incorporated herein by reference.

42.     This is an action against Defendants for disability discrimination brought under Chapter 760, Florida Statutes.

43.      Plaintiff has been the victim of discrimination on the basis of his disability or perceived disability.  During the course of Plaintiff's employment with Defendants, he was treated differently than similarly situated nondisabled/perceived-as-disabled employees.

44.    Defendants are liable for the differential treatment which adversely affected the terms and conditions of Plaintiff's employment with Defendants. Defendants controlled the actions and inactions of the persons making decisions affecting Plaintiff or knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

45.    In essence, the actions of agents of Defendants, which were each condoned and ratified by Defendants, were disability/perceived-disability based and in violation of the laws set forth herein.

46.    The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendants.  The events set forth herein lead, at least in part, to Plaintiff's termination.

47.    Defendants' conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability or his record of having an impairment under the laws enumerated herein.

48.    As a direct and proximate result of Defendants' conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay,

interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and to punitive damages.

**COUNT IV**
**DISABILITY DISCRIMINATION-FAILURE TO ACCOMMODATE**
**(Against Defendants SAVALOT LLC and UNIFIED HR LLC)**

49. Paragraphs 1 through 24 are realleged and incorporated herein by reference.

50. This is an action against Defendants for disability discrimination brought under Chapter 760, Florida Statutes.

51. Plaintiff has been the victim of discrimination on the basis of his disability or perceived disability. During the course of Plaintiff's employment with Defendants, he was not accommodated and he was fired after requesting an accommodation.

52. Defendants are liable for the refusal to accommodate Plaintiff, as well as its failure to engage in the interactive process with Plaintiff ,which adversely affected the terms and conditions of Plaintiff's employment with Defendants. Defendants controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

53.   In essence, the actions of agents of Defendants, which were each condoned and ratified by Defendants, were disability/perceived-disability based and in violation of the laws set forth herein.

54.   The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendants.  The events set forth herein lead, at least in part, to Plaintiff's termination.

55.   Defendants' conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability or his record of having an impairment under the laws enumerated herein.

56.   As a direct and proximate result of Defendants' conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief and to punitive damages.

**COUNT V**
**RETALIATION**
**(Against Defendants SAVALOT, LLC and UNIFIED HR LLC)**

73.    Paragraphs 1 through 24 are realleged and incorporated herein by reference.

74.    Defendants are employers as that term is used under the applicable statutes referenced above.

75.    The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting him under Chapter 760, Florida Statutes and 42 U.S.C. §1981.

76.    The foregoing unlawful actions by Defendants were purposeful.

77.    Plaintiff voiced opposition to unlawful employment practices during his employment with Defendants and was the victim of retaliation thereafter, as related in part above.

78.    Plaintiff is a member of a protected class because he reported unlawful employment practices and was the victim of retaliation thereafter.  There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

79.    As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, lost wages, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness,

lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.  These damages are continuing and are permanent.  Plaintiff is entitled to punitive damages and to injunctive relief.

**COUNT VI**
**PRIVATE WHISTLEBLOWER RETALIATION**
**(Against Defendants SAVALOT, LLC and UNIFIED HR LLC)**

80.    Paragraphs 1 through 24 are incorporated herein by reference.

81.    This is an action brought under §448.101, et seq., Florida Statutes.

82.    As set forth in greater detail above, during the course of Plaintiff's employment, Plaintiff objected to certain practices of Defendants that were in actual or suspected violation of laws, rules and/or regulations.

83.    As a result of Plaintiff's objections, Plaintiff was fired.

84.    Plaintiff was terminated because he engaged in protected behavior. Specifically, Plaintiff objected to, or refused to participate in, any activity, policy, or practice of Defendants which were in actual or suspected violation of a law, rule, or regulation and/or reported the violation and gave Defendants an opportunity to correct the problem. Instead of correcting the problem, it got worse and Plaintiff was fired for said reporting.

85.    The disclosures made by Plaintiff are protected under §448.102, Florida Statutes.

86.    As a direct and proximate result of Defendants' conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief and to punitive damages.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

(a)    that process issue and this Court take jurisdiction over this case;

(b)    that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)    enter judgment against Defendants and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendants for Defendants' violations of law enumerated herein;

(d)     enter judgment against Defendants and for Plaintiff permanently enjoining Defendants from future violations of law enumerated herein;

(e)     enter judgment against Defendants and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)     award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 10th day of February 2026.

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF